WILLIAM B. VARICK, administrator and trustee, and others,

*v.*

ETHEL V. SMITH.

[Decided June 26th, 1905.]

1. Testatrix gave her residuary estate to trustees, in trust, to divide into five equal shares, and to pay over one of the shares to each of her brothers, and to hold and manage one of the remaining shares for each of her three sisters, and to pay over to them the rents and profits thereof, with power, under certain contingencies, to convey the real estate, if any, to different persons.—*Held,* that the trustees had power to convert the real estate into money for the purpose of performing the trusts imposed on them.

2. Testatrix devised and bequeathed her residuary estate to trustees, in trust, to divide the same into five equal shares, and to pay over one of the shares to each of her brothers, if living, but if any should have died, his issue should take the share which his parent would have been entitled to if living.—*Held,* that on the death of one of the brothers leaving issue during the life of the testatrix, the issue were entitled to his share.

3. On the death of one of the brothers without issue during the life of the testatrix, his share lapsed and a trust resulted in favor of the heirs-at-law and next of kin of testatrix.

4. Where a beneficiary in a will giving property to a trustee for beneficiaries for life, and on their death to their children as they should appoint, and in default of appointment, to persons designated, is alive, the court will not give the trustee direction as to his duty in case she should die without making the appointment authorized.

5. Testatrix gave her residuary estate to trustees, in trust, to hold three shares for her three sisters. Each share was to be invested and the rents and profits paid over to the sister for whom it was set apart, for her life, and on her death to be paid to her children as she should appoint. In default of any appointment, the children were to take the share equally, and in case there were no children, the share was given to the sister's next of kin. Two of the sisters predeceased the testatrix.— *Held,* that the shares to them did not lapse, as testatrix had provided against a lapse by the direction that the shares should go to such sisters' next of kin.

6. One of the sisters died before the death of testatrix, leaving two children and a grandchild. The grandchild was the daughter of a son who died before his mother. The amendment to the statute of wills

approved March 29th, 1887, was applicable to the gift in the will of testatrix, as she died subsequent to its enactment, although the will was executed prior thereto. By the provisions of that act the grandchild took an interest in the share given to her grandmother.

On bill for directions to a trustee upon the construction of the residuary clause of a will, expressed in the following words:

"*Fourth.* All the rest, residue and remainder of my estate of which I may die seized or possessed, of whatsoever kind and wheresoever situated, I do hereby give, devise and bequeath to my executors hereinafter named:

"In Trust: to divide into five equal shares, and to pay over one of the said shares to each of my said brothers, Francis W. Raymond and Henry A. Raymond, if living, but if either shall have died, then his issue to take the share which his, her or their parent would be entitled to if living, and to hold, invest and manage one of said remaining three shares for each of my said three sisters, Mary Louisa Raymond, Catherine J. Smith and Emma E. Langwith, and to invest their said respective shares in the securities allowed by law only, and to receive the rents, income and profits thereof, and to pay over the same quarterly to my said sisters, respectively, for each of their sole and separate uses and benefit during their natural lives, respectively, and free from the control or debts or engagements of either of their present or any future husbands either of them may marry, and after death of either of them, then to pay the principal of the personal estate and convey the real estate, if any, to and amongst her child or children, in such shares or proportions as she shall, by deed or by her last will and testament, direct and appoint, and in default of issue, my said sisters to have the power, by appointment, to leave their respective shares to such persons as they shall think proper; and in default of any such appointment, said respective shares to go to their said respective children, in equal shares, upon attaining the age of twenty-one years, respectively, with power to said trustees to apply the income and such part of the principal as they in their discretion shall think proper towards the education, maintenance and support of such child or children during his, her or their minority, and in case there shall not be any child who shall attain the age of twenty-one years, and in default of issue and any appointment, then the said share of either one of my said sisters so dying shall go to her next of kin, as provided by law in any state where I may be residing at the time of my death, excepting, however, that it be in the same manner as if she had died unmarried.

"*Lastly.* I appoint as executors and trustees under this my will, with full power to execute all the provisions thereof, my brother, Francis W. Raymond, of the City of New York, and my friend, Henry W. Johns, of the City of Brooklyn, in the State of New York; and in the event of the death, disability or refusal of either of them to qualify or act, then I appoint in his place Thomson Kingsford, of Oswego, in the State of New York."

*Mr. Isaac S. Taylor,* for the complainant.

*Messrs. Collins & Corbin,* for the defendant.

MAGIE, CHANCELLOR.

The bill originally filed in this cause was presented by William B. Varick, administrator with the will annexed of Augusta A. Thompson, who died July 15th, 1900, a resident of this state. Varick was appointed such administrator because of the death of two of the executors named in the will, who predeceased the testatrix, and the renunciation of the third executor. Associated with Varick as complainant were all the parties in interest under the clause of the will contained in the prefatory statement who are now in existence, unless Ethel V. Smith, the defendant, has such an interest. She is an infant and appears by a guardian *ad litem.*

The purpose of the bill was to obtain a construction of the will and a direction to the administrator with the will annexed respecting his duty.

The matter was heretofore brought to the attention of the court, and the conclusion then reached therein is expressed in the opinion reported in *67 N. J. Eq. 1.* The conclusion was that the administrator did not possess power to deal with the residuary estate, either by sale of the real estate or by division thereof under the will, and that a trustee was necessary to carry out the testatrix's disposition of the residuum. Thereafter application was made for the appointment of a trustee.

The bill stated that Thomson Kingsford, named in the last clause of the will as executor and trustee in case of the death of the executors and trustees previously named in that capacity, had renounced his executorship and trusteeship. A trustee cannot be compelled to accept a trust, and may decline and refuse to act. *Perry on Trusts* § *267 et seq.*

The statements of the bill disclose a disclaimer on the part of Kingsford. As the answer of the sole defendant made no contest respecting those statements, it was deemed proper to appoint a trustee, and in the presence of counsel for defendant an order

was made appointing Varick, the administrator with the will annexed, as trustee, which appointment he accepted. Thereafter the matter was again brought to the attention of the court by the presentation of briefs.

Upon taking the case up for consideration it was discovered that, although Varick has been appointed trustee under the will, he has not amended his bill or sought the relief which it was before intimated he might be entitled to in that capacity. But as he had the status of trustee, and may amend his bill so as to claim such relief, I have concluded to consider the questions presented and express my views as if the amendment had been made.

The first question raised respects the power conferred by the will in regard to real estate of which the testatrix died seized and which made up part of her residuary estate. The question is whether the trustees under the will were endowed with power to sell the real estate of testatrix for the purpose of making a division among the parties interested in the trust. If they would have such power, the substituted trustee possesses it.

On this question no contest is made, and I think it obvious that the clause of the will conferring power upon the trustees impliedly includes power to sell real estate for the purpose of carrying out the trust, if the sale is reasonably required for that purpose.

The only doubt raised upon this construction arises from an expression in the clause creating the trust, directing the trustees "to receive the rents, profits and income" of the fund, and the further provision that under certain contingencies the trustees are to pay the principal of the personal estate, and convey the real estate, "if any," to different persons. But these phrases are not inconsistent with the creation of a power to sell real estate. They may well indicate that the testatrix had in mind the possible happening of the contingencies upon which such conveyances were directed before the trustees had sold and converted all the real estate, and in that event the power was given them to convey real estate not previously converted. The use of the words "if any" clearly indicates that testatrix assumed that there might be none and strengthens the indication of

power to convert. Nor is this inconsistent with the fact that the mind of the testatrix seems also to have contemplated the possibility that the trustees might make a division of the real estate into the different shares directed without sale. In such case the trustee would receive the income therefrom until the happening of the contingencies which required another disposition of it.

The result is that, in my judgment, the trustee has power to convert the real estate into money for the purpose of performing the trusts imposed upon him.

The next question upon which the direction of the court is sought relates to the division of the residuary fund by the trustee under the powers conferred by the will.

The primary duty of the trustees under the clause in question was to divide the residuum into five equal shares. With respect to two of the shares the trustee's duty to distribute arose upon the conditions existing at the testatrix's death.

One of these shares was directed to be paid over to testatrix's brother, Francis W. Raymond, if living, but, if not living, then to his issue. The proofs show that Francis W. Raymond predeceased the testatrix, and died leaving issue who are parties complainant. It admits of no doubt that such issue are entitled to one of the shares.

Another of the five shares was directed to be paid to testatrix's brother, Henry A. Raymond, if then living, but, if not living, then to his issue. The proofs disclose that Henry A. Raymond predeceased the testatrix, but died without issue, never having married. No further provision having been made for the disposition of the share, and the disposition intended being impossible, the trust as to that share has failed by lapse, and a trust has resulted in favor of the heirs-at-law and next of kin of the testatrix. *Perry on Trusts* § *160.* The present trustee must therefore account for and pay over this share accordingly.

The disposition of the remaining shares was different. The trustees were directed to hold them in trust, one share for each of testatrix's three sisters, viz., Mary Louisa Raymond, Catharine J. Smith and Emma E. Langwith. Each of said shares was to be invested, and the rents, profits and income thereof

paid over to the sister for whom it should be set apart by the trustees for her natural life, and upon her death such share was to be paid to her child or children in such shares as she should by deed or will appoint. In default of issue such sister was to have the power to appoint such share to other persons, and in default of any appointment among the children of such sister they were to take the same in equal shares upon attaining the age of twenty-one years, and in case no such child attained that age, and in default of issue and any appointment, then such share should go to such sister's next of kin.

Emma E. Langwith, one of such *cestuis que trustent,* survived the testatrix, and is yet living. She is one of the parties complainant to this bill. In respect to her share, direction is sought as to the duty of the trustee in case she should die without making the appointment which she is authorized to make among her children, or, in case of their death, to other persons. But, obviously, this direction cannot now be given, because she is now living, and there is no present contingency which requires any further construction of the clause, or any direction to the trustee in respect thereto.

Testatrix's other sisters, viz., Mary L. Raymond and Catharine J. Smith, predeceased the testatrix, and the questions principally raised are with respect to the duty of the trustee as to the shares which would otherwise have been set apart for them.

The first question, in my judgment, is, whether it having become impossible to dispose of these shares for the life use of the primary beneficiaries, there is a failure of the trust by lapse, as we have found to be the case with respect to the share intended for testatrix's brother, Henry. By the careful provisions conferring on the primary beneficiaries a power of appointment over each share, it seems clear that the testatrix contemplated their surviving her. But when she provides for the contingency of failure to appoint and of failure of issue, and upon such contingencies co-existing directs the share to go to the next of kin of the sister for whose life use the share should be set apart if surviving her, in my judgment, testatrix evinced a clear intent not to permit a lapse of such share, and she has

provided against such lapse by the direction that it should go to such sister's next of kin. It appears that Mary L. Raymond died leaving no issue. The share directed to be set apart for her will therefore go to her next of kin, all of whom are parties to this bill. The trustee will properly account for and pay over one share to them.

Another question, however, is raised respecting the share of which Catharine J. Smith, if she had survived testatrix, would have had the life use. It appears that she died leaving issue, viz., two children (who still survive and are parties complainant to this bill) and a grandchild, the daughter of her son Chauncey, who died before his mother. This grandchild is the defendant, Ethel V. Smith, who is Chauncey's sole heir-at-law and next of kin.

I have above construed the clause in question as passing a share to the next of kin of one of the primary beneficiaries who predeceased testatrix without leaving issue. A like reasoning leads to the conclusion that a share which one of the beneficiaries would have had the life use of if she had survived testatrix will pass to her children if she predeceased testatrix leaving children. Catharine J. Smith died leaving children, and the controverted point in respect to the share which would have been set apart for her life use is whether it is to go to her two children who survive her, or whether her grandchild, daughter of her son who did not survive her, is to take a part thereof.

The contention on the part of the interested complainants is that Ethel V. Smith takes no interest in that share. The contention on the part of Ethel V. Smith, the defendant, is that she is entitled to the one-third part of that share. This contention is not based upon the meaning to be attributed to the word "children" in this clause in its natural and usual sense. It is not contended that it naturally includes a grandchild or a remote descendant. But the claim of Ethel is based on the provisions of the supplement to the Wills act, approved March 29th, 1887. *P. L. 1887 p. 63; 3 Gen. Stat. p. 3763.* By its provisions, legacies and devises in any will made to a descendant of the testator, or to a brother or sister of testator, or to a descendant of a brother or sister who predeceased the testator,

do not lapse if the legatee or devisee leaves a child or children or descendants of such. If the share in question passed at the death of Catharine J. Smith, by the terms of this clause, to her children, and if this act is applicable to this will, obviously Ethel V. Smith is entitled to share with the surviving children of Catharine J. Smith.

The contention of complainants is that this act is inapplicable to the testatrix's will now before us, because that will was executed, according to its date, on October 27th, 1879, and does not appear to have ever been republished.

The argument is that, although the will took effect at the death of the testatrix in 1900, the legislation of 1887 was ineffective in respect to it because the will was made eight years before such legislation came into existence.

In my judgment this contention cannot be sustained. The object of this legislation was to regulate the construction of wills. Theretofore, when a will giving an estate to any person came into existence by the death of the testator, and the person to whom the legacy was given or the devise made had previously died, the legacy or devise was held to have wholly lapsed. The intended regulation was to provide that no such lapse should be raised upon the language of the will if the person who was the proposed beneficiary was a descendant of testator, or a brother or sister or descendant of such, and had predeceased the testator, leaving a child or children, or the descendants of such, but the will should be construed to pass the legacy or devise to such child or children. Manifestly this construction is to be given to the will at the time it becomes the will of deceased, that is to say, at death. That the statute declares that this shall be applicable to bequests and devises that *may* be made does not, in my judgment, discountenance this construction. When testatrix made her will in 1879 her legacies and devises were ambulatory in character, like all other provisions in wills. She had a right at any time to destroy the will, to alter her testamentary dispositions, and to make new bequests and devises. It did not pass any legacy or devise until the death of the testatrix with the will unrevoked, and the will, though executed previous to this legislation, came into effect at the

death of the testatrix after the legislation had taken effect and is subject thereto, and legacies and devises therein contained are to be construed according to its provisions.

It results that the claim of Ethel V. Smith to a portion of the share which should have been the share of her grandmother, Catharine J. Smith, must be upheld. Although this question has never been directly presented upon the statute, other legislation of similar purpose has been construed in accord with the view above expressed. In the case of *Condict* v. *King, 13 N. J. Eq.* (*2 Beas.*) *375,* a construction was given by Chancellor Green to the provisions of a will in accordance with the requirements of an act passed after its execution, although it produced an effect contrary to the intention of the testator as manifested by the language of the will as construed by our courts at the time of its execution. This statute, now under consideration, has been before this court in *Murphy* v. *McKeon, 53 N. J. Eq.* (*8 Dick.*) *406,* and before the court of errors and appeals in *Reichle* v. *Steitz, 64 N. J. Eq.* (*19 Dick.*) *789,* and although this precise question was not raised, there was no indication of opinion counter to that which I have expressed.

A decree will be made in conformity with this opinion.